IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY STONE, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 08-3564 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Respondents. | : | |

**Jones, J.**                                                                                          **June 25, 2009**

**MEMORANDUM**

Before the Court are the Objections of Timothy Stone ("Petitioner") (Docket No. 12) ("Objections") to the Report and Recommendation ("R&R") issued on March 13, 2009, by Magistrate Judge Arnold C. Rapoport (Docket No. 11). In addition, the Court ordered Jeffrey Beard, *et al.*, ("Respondents") to file a brief in response to Petitioner's Objections (Docket No. 14). After careful consideration of the foregoing, the Court will adopt Judge Rapoport's Report and Recommendation in its entirety and decline to issue a Certificate of Appealability.

**I.      Facts**

For the purposes of judicial economy, the Court will not restate the facts of this matter here. Rather, the Court is satisfied with the factual background as delineated in the R&R, which was based upon the Court of Common Pleas decision denying Petitioner's Post Conviction Relief Act petition, Commonwealth v. Stone, No. 1132 (C.C.P. Phila. May 2, 2006). The Pennsylvania courts' findings of fact are presumed correct under the federal habeas statute, and Petitioner can only overcome that presumption by presenting clear and convincing evidence to the contrary. 28

U.S.C.A. § 2254(e)(1) (West 2006); Sumner v. Mata, 449 U.S. 539 (1981).  The Court finds that Petitioner has presented no credible evidence to sustain his burden.  Accordingly, the Court will adopt the factual recitation contained in the R&R.

## II.     Procedural Background[1]

Petitioner was found guilty of criminal conspiracy and possession with intent to deliver a controlled substance.  He was found not guilty of additional charges of possession of a controlled substance and possession of prohibited offensive weapons.  In addition, the trial court granted his motion for acquittal on an unlicensed carrying of firearms charge.  He was sentenced to ten to twenty years imprisonment on the possession with intent to distribute charge, and a consecutive term of five to ten years on the conspiracy charge.

After his conviction and sentencing, Petitioner filed a timely direct appeal with the Superior Court of Pennsylvania.  On appeal, Petitioner argued that there was insufficient evidence upon which to convict him of both charges.  He also argued that trial counsel was constitutionally deficient in several regards.  The Superior Court denied his sufficiency of evidence claim, but reserved that ineffectiveness claims for collateral review.  Petitioner then timely filed a petition on March 8, 2001, seeking relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546.  The PCRA court held an evidentiary hearing on October 20, 2005.  Following the hearing, the court denied the petition.  On May 24, 2007, the Superior Court affirmed the PCRA court's order.  Petitioner then filed his federal petition on July 18, 2008.  In his petition, Petitioner raises the same four ineffective assistance of counsel claims that he raised in the PCRA petition, as well as purported due process claims.

---

[1] See also R&R at 3-4.

Magistrate Judge Arnold C. Rapoport issued an R&R on March 13, 2009. Judge Rapoport agreed with the District Attorney and recommended that the Petition be dismissed.

### III. Jurisdiction and Legal Standards

The District Court has jurisdiction over Petitioner's application for habeas relief pursuant to 28 U.S.C. 2254(a).

#### A. Habeas Relief

Where a case has been assigned to a Magistrate Judge, the final decision rests with the District Court. Mathews v. Weber, 423 U.S. 261, 271 (1976). A District Court may accept, reject or modify, in whole or in part, any of the Magistrate Judge's findings or recommendations. 28 U.S.C.A. § 636(b)(1) (West 2006). When a petitioner makes timely, specific objections to the Magistrate Judge's R&R, the District Court is required to review any portions of the report that are objected to *de novo*. 28 U.S.C.A. § 636(b)(1) (West 2006); Rules Governing § 2254 Cases, Rule 8(b). Although review of the objections is *de novo*, the Court has broad discretion to rely upon the Magistrate Judge's recommendations to the extent it deems proper. United States v. Raddatz, 447 U.S. 667, 676 (1980).[2]

Whatever recommendations are made, the District Court's power to grant habeas relief is strictly limited by statute. Bell v. Cone, 535 U.S. 685, 693 (2002). A District Court sitting in habeas may only grant relief to a prisoner on a claim that was adjudicated by a state court if the state court's adjudication of that claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

---

[2] When a party fails to make a specific objection to a finding or recommendation, the Court need only review that portion of the R&R for plain error. See Rules Governing Section 2254 Cases, Rule 8(b); Nara v. Frank, 488 F.3d 187, 196 (3d Cir. 2007).

clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

Under this deferential standard, the Court "must first decide what constitutes clearly established federal law, as determined by the Supreme Court of the United States." Lockyer v. Andrade, 538 U.S. 63, 71 (2003). "Clearly established federal law" refers to the Supreme Court's holdings as of the time of the relevant state court decision. Id. (citations omitted). Once the applicable "clearly established federal law" is identified, the petitioner must show that the state court decision is either "contrary to," or an "unreasonable application of," governing Supreme Court precedent. A petitioner may obtain habeas relief under the "contrary to" clause only if the state court applied a rule different from that set forth by the Supreme Court, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Bell, 535 U.S. at 694. Relief may only be granted under the "unreasonable application" clause if the petitioner shows that, although the state court identified the correct governing legal principle, its application of that principle was not just incorrect – it was "objectively unreasonable." Id.

A petitioner can only obtain relief under 28 U.S.C. § 2254(d)(2) if he demonstrates that no reasonable fact-finder could have reached the same conclusions as the state court. If some reasonable basis exists for the state court's findings, habeas relief may not be granted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

The Supreme Court has repeatedly emphasized that the habeas statute prohibits a federal habeas court from deciding a case based on its own independent evaluation of particular claims. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Federal habeas courts are bound by a state court's state law determinations, Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (internal citations omitted), and must presume the state court's factual findings, including any credibility determinations, are correct absent clear and convincing evidence to the contrary. 28 U.S.C.A. § 2254(e)(1) (West 2006). Federal courts must presume that the state court correctly applied federal law, even if the state court failed to cite or otherwise show an awareness of the relevant Supreme Court cases. Woodford, 537 U.S. at 19, 24 (2002); Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (explaining that, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent, AEDPA's general rule of deference applies"), cert. denied, Priester v. DiGuglielmo, 543 U.S. 1093 (2005).

### B.   Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1994), the Supreme Court set out the test that a petitioner must satisfy before a court may find that counsel failed to provide effective assistance under the Sixth Amendment. This same standard has been incorporated by the Pennsylvania courts as the proper basis to consider challenges for ineffective assistance of counsel under the Pennsylvania constitution. See Commonwealth v. Pierce, 527 A.2d 973, 976 (Pa. 1987) (stating that a petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citation omitted). To satisfy the second prong of the Strickland test, a petitioner must demonstrate prejudice, and specifically that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have

been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. Counsel cannot be ineffective for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

    **C. Certificate of Appealability**

Pursuant to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the District Judge is required to make a determination as to whether a Certificate of Appealability ("COA") should issue. Under 28 U.S.C. § 2253(c)(2), a habeas court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."

When a federal court rejects a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. In other words, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

When a federal court rejects a petitioner's constitutional claims as procedurally defective, a COA is not warranted unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. Id.; 28 U.S.C. § 2253(c).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Slack</u>, 529 U.S. at 484.

IV.    **Summary of Magistrate Judge's Report and Recommendation Regarding Claims and Certificate of Appealability**

    A.    **Claims**

(1)    Regarding the claim of ineffectiveness of counsel for failure to call Petitioner's mother as an alibi witness, the R&R concluded that, based on the presumed correct factual findings and credibility determinations of the state courts, the state courts' adjudication of this claim was not an unreasonable application of <u>Strickland</u>. More specifically, the R&R concluded that because the evidence would have been insufficient under state law to create an alibi, the failure to present the witness cannot satisfy <u>Strickland's</u> requirement that counsel's deficient performance prejudiced the defense. The R&R described the decision not to call Stone's mother as "the archetype strategic trial decision that the Supreme Court has cautioned should not be second-guessed on habeas review."

(2)    Regarding the claim of ineffectiveness of trial counsel for failing to preserve on direct appeal his objection to the prosecutor's repeated references in his summation that Stone was "unemployed," the R&R concluded that the argument had no merit. The R&R concluded that Petitioner was merely re-arguing a point of state evidentiary law – namely, that the inference suggested by the prosecutor (that the cash found on Petitioner's person was drug proceeds because he was

        unemployed) – was reasonable.  In addition, the R&R found that because the trial court denied Petitioner's pre-trial motion *in limine* on this subject, any attempt to renew the argument during the trial or the prosecutor's summation would have been meritless, and the failure of trial counsel to raise a meritless objection cannot constitute ineffective assistance of counsel under Strickland.  Accordingly, the R&R concluded that the state court's adjudication of the issue was not an unreasonable application of the Strickland standard.

(3)    Regarding the claim of ineffective assistance of trial counsel for failure to object to the possession with intent to distribute conviction and a due process claim related thereto, the R&R first concluded that the due process claim was unexhausted and procedurally defaulted, with no showing of cause and prejudice or miscarriage of justice.  More specifically, the R&R found that Petitioner's PCRA petition did not implicitly or explicitly invoke due process, so it could not have presented the legal theory and supporting facts asserted in the federal Petition.  The R&R further found that Petitioner had made no argument whatsoever as to cause and prejudice or miscarriage of justice.  Second, the R&R concluded that Petitioner never actually set forth an ineffectiveness argument beyond the heading title.  The R&R found that Petitioner never asserted how counsel should have raised an objection, how counsel's actions were a departure from professional norms, how Petitioner was prejudiced thereby, or how the state court's adjudication of the issue was an unreasonable application of Strickland.  Rather, the R&R concluded, Petitioner merely repeated the argument raised in

state courts that, since possession constitutes a predicate offense to possession with intent to distribute, the jury's verdict of acquittal on possession is irreconcilable with the guilty verdict on possession with intent to distribute. The R&R noted that this assertion of state law was rejected by the state courts because it is well-settled under state law that juries may return inconsistent verdicts. As such, the R&R concluded that Petitioner was merely rearguing application of a state law, which is not cognizable on habeas review.

(4) Regarding the claim of ineffectiveness of trial counsel for failure to object to excessive sentence and a due process claim related thereto, the R&R first found that Petitioner made no attempt to flesh out a due process claim and never raised such a claim on direct appeal or in his PCRA petition. As such, the R&R concluded that any such claim is, accordingly, unexhausted and procedurally defaulted with no showing of cause and prejudice or miscarriage of justice. Second, the R&R concluded that Petitioner was merely attempting to re-argue a point of state law – *i.e.*, whether his sentence was legal. The R&R concluded that, because Petitioner's sentence was legal under state law and the state courts therefore determined that Petitioner could thus not state an ineffectiveness of counsel claim, there was no unreasonable application of the <u>Strickland</u> standard.

**B.     Certificate of Appealability**

The R&R concluded that, in light of the clear authorities discussed in connection with the claims raised by Petitioner, no reasonable jurist would conclude that the Court incorrectly denied the present petition. Accordingly, the R&R recommended that a COA should not issue.

**V.     Petitioner's Objections to the R&R**

The Court, upon careful and independent consideration of the record and legal authority related thereto, agrees with the reasoning and conclusions of the R&R. Petitioner's Objections are virtually a direct copy of the arguments made in the Petition. Accordingly, because Petitioner's Objections simply disagree with those conclusions and reiterate the habeas Petition's claims, the Court adopts the R&R's reasoning and conclusions in their entirety.[3]

**VI.    Conclusion**

For the foregoing reasons, Petitioner's Objections will be overruled, the Magistrate Judge's Report and Recommendations will be approved and adopted, the Petition for Writ of Habeas Corpus will be denied and dismissed with prejudice. As Petitioner has failed to make a substantial showing of the denial of any constitutional right, a Certificate of Appealability will not issue.

An appropriate Order follows.

---

[3] There is some suggestion in the Objections that Petitioner seeks to broaden his argument concerning due process as related to the inconsistent verdicts claim. To the extent that Petitioner cites Dye v. Hofbauer, 546 U.S. 1 (2005) and Nara v. Frank, 488 F.3d 187 (3d Cir. 2007), his argument nonetheless fails. The R&R's conclusions are appropriate and not inconsistent with caselaw. See Baldwin v. Reese, 541 U.S. 27 (2004).